Austin *v.* Peasley.

## AUSTIN *et al. v.* PEASLEY.

Where, upon the cross-examination of a witness, it appeared that he was security for costs of the suit, but was still permitted to testify without objection, and after the evidence in the case was closed ; the cause had been submitted on a motion ; and after the court had adjourned for one night ; it was moved to exclude his testimony on the ground of interest ; it was held that the objection came too late ; that it should have been urged when the incompetency of the witness was disclosed by his evidence.

17

Austin *v.* Peasley.

ERROR, *to Des Moines District Court.*

This was an action of trover, commenced by Austin and others against Peasley. Verdict and judgment below for the defendant. The only objection urged to the proceeding is in relation to the exclusion of a witness's testimony; the particulars of which are set forth in the opinion of the court.

*Hall* and *Mason*, for the plaintiff in error.

*Grimes* and *Starr*, for the defendant.

*Opinion by* KINNEY, J. The record in this case presents but one question for our decision. It appears that a witness was sworn and introduced upon the part of plaintiffs without any objection as to his competency. Upon the cross-examination it appeared that said witness was security for costs. The cross-examination was continued and concluded, no objection still having been made on that account. Other witnesses were introduced and examined by the plaintiffs, and he rested his case. An application was then made by the defendant for a nonsuit, which was overruled. The defendant then offered to introduce his evidence, and the court adjourned until the next morning.

In the morning defendant's counsel, in the absence of the witness, moved to exclude his testimony, for the reason that he was incompetent, he being security for costs. This motion was sustained, which is the error complained of.

If the objection to the testimony had been made when the interest of the witness was disclosed, it should have been sustained, and his testimony ruled out. The party against whom a witness is introduced may place him upon his *voir dire*, to test his competency; or allow him to testify in chief, and object to his competency, when his interest becomes apparent.

But it is too late for the defendant, after passing the cross-examination with a knowledge of the incompetency of the wit-

ness ; interposing no objection-to his testimony ; and particu-
larly by remaining silent until the plaintiff had closed and sub-
mitted his case, to move to have the testimony excluded upon the
ground of incompetency.   If the witness had been objected to
when he first disclosed his interest, he could have been restored
to his competency by a release.   And another reason which
goes to sustain this practice is, that a party by tacitly permit-
ting the opposite party to close his case, without any objec-
tions to the incompetency of his testimony, and then succeeds
in ruling it out, might thereby hinder him from supplying the
proof by other and competent witnesses.

We think, therefore, in this case, that the court erred in
ruling out the testimony.

Judgment reversed.